The Honorable Julia Hughes Jones Auditor of State 230 State Capitol Little Rock, AR 72201
Dear Ms. Jones:
This is in response to your request for an opinion on several questions involving the unclaimed property laws, codified as A.C.A. 18-28-201 et seq. You have asked, first, whether the Auditor of State is required to accept a power of attorney and deal directly with a finder. You have also asked whether Section18-28-220 in effect renders unenforceable as against public policy a contract whereby a finder has charged a fee of over 10% of the total amount of a claim.
In response to your first question, it is my opinion that the law does not require the Auditor of State to deal directly with a "finder," notwithstanding the fact that the finder has a power of attorney.
The term "finder" is defined under A.C.A. 18-28-201(11) (Supp. 1989) as "[a party] engaged in locating unclaimed property for a fee of not more than ten percent (10%) of the value of the unclaimed property." The Auditor is prevented, under Section18-28-220, from considering any claim filed under the unclaimed property law "where a finder has charged a fee of over ten percent (10%) of the total amount of the claim." A.C.A. 18-28-220(c) (Supp. 1989). This language should not, however, in my opinion be construed to require the Auditor of State to deal directly with a finder. A review of this body of law as a whole clearly indicates that its focus is upon restoring the unclaimed property to its owner. The report filed by a holder of unclaimed property must include the name and address, if known, of each person appearing to be the owner or property presumed abandoned. A.C.A.18-28-211(b)(1). If the holder knows the whereabouts of the owner and the claim is not barred by the statute of limitations, the holder "shall communicate with the owner and take necessary steps to prevent abandonment from being presumed." A.C.A. 18-28-211(e). The Auditor of State must, within one hundred twenty (120) days from the filing of the holder's report, cause to be published a notice containing, inter alia, "a statement that if proof of claim is not presented by the owner, to the holder . . . the abandoned property will be placed . . . in the custody of the Auditor of State, to whom all further claims must thereafter be directed." A.C.A. 18-28-212. See also A.C.A. 18-28-213 (owner may establish right to receive abandoned property within requisite time frame.)
It may reasonably be concluded from the foregoing provisions that the proof of claim is to be filed by the "owner." "Owner is defined under Section 18-28-201 as:
 (A) depositor in case of a deposit, a beneficiary in case of a trust, a creditor, claimant, or payee in case of other choses in action, or any person having a legal or equitable interest in property subject to this subchapter, or his legal representative.
A.C.A. 18-28-201(6) (Supp. 1989).
It is apparent that the term "owner" does not include "finders," as is further evidenced by the separate definition under18-28-201(11) (Supp. 1989), supra, of the latter term.
Now, in my opinion, does a "finder" become an "owner" within the definition under 18-28-201(6) merely by virtue of a power of attorney. The definition of "owner" does include "legal representative"; and the term "legal representative," in its broadest sense, has been defined as one who stands in place of, and represents the interest of another. Black's Law Dictionary 807 (5th ed., 1979). Yet the term "legal representative" also implied a broader function as regards the legal affairs of another. See Black's, supra. It is my opinion that a power of attorney does not transform a "finder" into a "legal representative" for purposes of the unclaimed property law. "Parties engaged in locating unclaimed property for a fee" are, it seems, to be considered "finders" under A.C.A. 18-28-201 et seq.
With regard to your second question, it must be noted that the courts will, in considering whether a particular contract is against public policy, look to the circumstances of each case. See, e.g., Harding Glass Company v. Twin City Pipe Line Company,39 F.2d 408, rev'd on other grounds, 283 U.S. 353 (1930). As a general matter, however, a contract is not void as against public policy unless it binds one to do something which is injurious to the public interest. Bene v. New York Life Ins. Co, 191 Ark. 714,87 S.W.2d 979 (1936). It has been stated that the power of the courts to declare a contract void as against public policy should be exercised only in cases free from doubt. Sirman v. Sloss Realty Co., 198 Ark. 534, 129 S.W.2d 602 (1939).
One might contend, with regard to a contract for a finder's fee of over 10% of the value of unclaimed property, that the legislature has expressed its determination to prevent a deduction of more than 10%. Section 18-28-220(c) (Supp. 1989) does indirectly reflect an intent to limit finders to a fee of 10%, although its actual focus is upon the Auditor of State's denial of such claims. It may therefore be argued, in defending an attempt by a finder to recover more than 10%, that an agreement to pay more than the recognized amount for claims purposes contravenes public policy.
The success of this argument remains, however, with the courts. We cannot make any conclusive determinations in a hypothetical situation; as noted above, the particular circumstances must be considered. The court may consider the purpose(s) of the contract and the situation of the parties when it was made. See, generally, 17 C.J.S. Contracts 211, at 1022 (1963). Significant for purposes of administering the unclaimed property law is the fact that the Auditor of State is prevented from considering a claim where a fee of over 10% has been charged.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.